IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JUSTIN AARON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) 6:16-cv-01038-LSC |
| WINSTON COUNTY, ALABAMA, et al., | ) ) ) ) |
| Defendants. | ) ) |

### Memorandum of Opinion

Plaintiff Justin Aaron ("Aaron") brings this action against Defendants Winston County, Alabama ("Winston County" or the "County"); Rick Harris ("Harris"), in his individual capacity and in his official capacity as the Sheriff of Winston County; the Town of Parrish, Alabama ("Town of Parrish"); and Roderick McConico, in his individual capacity and in his official capacity as the Chief of Police for the Town of Parrish (collectively, "Defendants"). Aaron alleges claims under 42 U.S.C. § 1983 and state law. Before this Court is Winston County's motion to dismiss. (Doc. 41.) For the reasons stated more fully herein, the motion is due to be granted.

I. **Background**[1]

On May 16, 2014, while incarcerated in the Winston County Jail, Aaron was "brutally attacked." He suffered a fracture of his left arm and was treated for his injuries at Walker Baptist Medical Center. According to Aaron, Winston County "did not take any action to protect [him] from further attack," and he was attacked a second time on May 24, 2014, resulting in his face and skull being "crushed." He alleges that he did not receive medical treatment for the injuries incurred in the second attack.

Aaron further alleges that he did not receive medical treatment because Winston County did not "adequately fund medical care" in its jail pursuant to an "ongoing custom and practice" of "refusing to purchase medication for inmates" and "refusing to provide necessary medical care for inmates with serious medical problems." The County allegedly did not fund medical treatment "at the direction of [Harris], to save the . . . County money." It also, according to Aaron, "encourag[ed] a culture where saving money was encouraged over the protection of inmates' constitutional rights."

---

[1] Only Aaron's allegations relative to Winston County are described here. In ruling on a motion to dismiss, this Court "must assume the facts set forth in [the] complaint are true." *Pellitteri v. Prine*, 776 F.3d 777, 778 n.1 (11th Cir. 2015).

## II. Standard of Review

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[]

veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

## III. Discussion

Winston County argues that Aaron's § 1983 claim against it is due to be dismissed because under Alabama law, the County has no authority with regard to the day-to-day operation of the jail. In general, a county is not liable to a plaintiff under § 1983 unless its "official policy" caused the deprivation of the plaintiff's constitutional rights. *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc). A plaintiff must therefore plead facts demonstrating that the violation of his rights was caused by "the decisions of [the county's] lawmakers, the acts of its policymaking officials, [or] practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). The facts in

the complaint must also show "that the county's custom or practice is the moving force behind the constitutional violation." *Grech*, 335 F.3d at 1330 (internal quotation marks omitted); *see McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (listing causation as element of § 1983 cause of action against a county).

Here, Aaron alleges that his constitutional rights were violated because he did not receive medical treatment after he was attacked the second time at the Winston County Jail. In Alabama, the duty to provide medical care to county jail inmates falls on "the sheriff or jailer, at the expense of the county." Ala. Code § 14-6-19. However, because the County has no "supervisory or administrative control" over the sheriff, he does not act as a county policymaker, and his acts do not impute liability to the County. *Turquitt v. Jefferson Cnty.*, 137 F.3d 1285, 1292 (11th Cir. 1998) (en banc). Instead, any claim against Winston County must be "based on a failure to fund or maintain the jail" because "a county is not responsible for the daily administration or operation of a county jail or for overseeing inmates." *Ex parte Sumter Cnty.*, 953 So. 2d 1235, 1238 (Ala. 2006); *see Turquitt*, 137 F.3d at 1291 (limiting a county's § 1983 liability to instances when the county abdicated its responsibilities "to maintain[] the jail's physical plant and provid[e] operational funding").

Aaron's complaint attributes the County's "policy or custom" of underfunding medical care at the jail to Harris, alleging that the County "refus[ed] to obtain or provide medication for his serious medical needs" pursuant to its "ongoing custom and practice" of doing so "at the direction of [Harris] . . . to save the . . . County money." However, Harris is not a county policymaker, and his acts cannot serve as the basis for Winston County's liability under § 1983. *Turquitt*, 137 F.3d at 1288 ("[A]n Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail."). Moreover, the County has neither the obligation nor the authority to seek medical treatment for any inmate in its jail because this duty falls on Harris. Ala. Code § 14-6-19; *Limestone Cnty. v. Huntsville Hosp. Bd.*, 412 So. 2d 792, 793 (Ala. Civ. App. 1982) (interpreting § 14-6-19 to require "a sheriff or jailer [to] provide at the expense of the county medical attention to those prisoners unable to provide it for themselves"); *see also* Ala. Code § 14-6-1 ("The sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto . . . ."). Winston County's sole responsibility is to pay for that treatment if the inmate cannot do so himself. Ala. Code § 14-6-19; *see Ex parte Univ. of S. Ala.*, 812 So. 2d 341, 346 (Ala. 2001) (holding that § 14-6-19 "allows a medical provider to sue to recover charges for

medical services rendered to inmates in the county jail who are unable to pay for medicines or medical services").

Aaron further alleges generally that Winston County did not "provid[e] adequate funds for medical treatment for prisoners in its custody," which "resulted in [Aaron] and other inmates not receiving medical care for their serious medical needs." He styles this claim as a "failure to fund" claim but pleads no specific facts to support his allegation that the County did not "provid[e] adequate funds" for inmates' medical treatment. A complaint that simply states that the County has a "policy" of underfunding prisoner medical care, without specific facts to support that allegation, is insufficient to pass muster under *Twombly* and *Iqbal*. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1280–81 (11th Cir. 2016) (holding that specific factual allegations relating to seizure of plaintiff's boat satisfied pleading standard because they were more than "naked allegations" and "permit[ted] 'the reasonable inference that [the City] is liable for the misconduct alleged'" (second alteration in original)). The complaint is devoid of factual allegations relating to the County's budget, its allocation of funds to the jail, or repeated instances of widespread conduct that would suggest the existence of a "policy" of underfunding the jail. Absent allegations of this sort, this Court is essentially holding Winston County liable for the acts of Harris, which is

inconsistent with established precedent providing that the County may be held liable "only for acts for which it is actually responsible, acts which [it] has officially sanctioned or ordered." *See Turquitt*, 137 F.3d at 1287–88 (internal quotation marks omitted); *see also id.* at 1291 (stating that the county sheriff, who "operates a jail independently of the county commission," has "full responsibility for daily management of the jail[], including inmate supervision," and is "not subject to county oversight in [his] performance of this responsibility"). Aaron's § 1983 claim against Winston County is therefore due to be dismissed.

## IV. Conclusion

For the reasons stated herein, Winston County's motion to dismiss (Doc. 41) is due to be GRANTED. A separate order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on June 23, 2017.

_____
L. Scott Coogler
United States District Judge

186289